## GEORGE C. HICKS, Impl'd, etc.
### v.
## WILLIAM G. STEPHENS.

RESCISSION OF CONTRACT.—The court is of opinion that the court below was justified in rescinding the sale and decreeing a return of the notes and money paid on the contract. But the court should have decreed the return of the $250, as it was a part payment of the purchase money.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding. Opinion filed November 11, 1884.

Mr. H. W. WOLSELEY, for appellant.

Mr. ULLMAN STRONG and Mr. EDWARD A. DICKER, for appellee.

PER CURIAM. This was a bill in chancery brought by appellee, Stephens, against appellant, Hicks, and one Jones, seeking to rescind a sale by Hicks to Stephens and Jones, of an interest in a patented invention for a tube closer in boilers, designed to save fuel and steam. In execution of the contract of sale, Stephens gave to Hicks his three promissory notes for $2,500 each, and paid him $2,500 in cash. He also paid to Jones $250, being one half of $500 previously advanced by Jones to Hicks, for an option to make the purchase. By agreement of all the parties, the $250 thus paid to Jones was to be credited by Hicks as so much paid by Stephens on the purchase money, and it was accordingly indorsed by Hicks on one of Stephens' notes. The bill prayed

for a rescission of the sale, and a return of the notes and money, on the ground of fraudulent misrepresentations made by Hicks as to the merits of the invention, whereby Stephens was induced to make the purchase.

Upon the final hearing, the court below found that the invention was worthless, and that Stephens had been induced to make the purchase through the misrepresentations of Hicks, as alleged, and decreed a rescission of the contract, and that the notes be returned to Stephens, and that Hicks refund the $2,500 paid to him by Stephens in cash.

Upon a careful examination of the evidence, we think the court was justified in rescinding the sale, and decreeing a return of the notes and money paid on the contract. But we are further of opinion that the court ought to have decreed the return of the $250 paid through Jones. If Stephens was entitled to the repayment of the $2,500, he was equally entitled to the repayment of the $250. They were both part payments of the purchase money, the only difference between them being that the $2,500 was paid directly by Stephens, and the $250 by the hands of Jones. They were both actually received by Hicks, and by the mutual agreement of all the parties, were credited to Stephens as so much paid by him on the purchase money.

Defendant in error has assigned as a cross-error, the omission of the court to embrace in the decree the $250 in question, which assignment we think is well taken. The decree will accordingly be reversed and the cause remanded, with instructions to the court below to add to the money decree the further sum of $250, the rest of the decree to be rendered as heretofore. The costs of this court to be paid by plaintiff in error.

Reversed and remanded with directions.